

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

February 10, 2020

Re: *United States v. Aleksandr Zhukov*, 18-CR-633 (ERK)

Dear Judge Korman:

On behalf of Aleksandr Zhukov, we submit this letter as a motion (A) requesting this Court order the government to provide the following disclosures no later than February 24, 2020: (1) all 18 U.S.C. § 3500 material; (2) all exhibits the government intends to introduce at trial; (3) the A-files (USCIS Immigration Files) of all alleged co-conspirators whom the government intends to call at trial; and (4) all *Brady* or *Giglio* material; and (B) for permission to file additional motions next week as may be appropriate as our review of the voluminous discovery in this case continues.

Trial of this case is scheduled to begin March 16, 2020. The government, to date, has disclosed over 20 terabytes of discovery, noticed seven expert witnesses, and provided and/or indicated that it intends to provide English translations of documents written in Russian, Czech, Bulgarian and Latvian. The complexity of the case, the assortment of technical issues and necessary and translations, coupled with Mr. Zhukov's continued incarceration, make it essential that the defense receive all 18 U.S.C. § 3500 material and exhibits in time to prepare an effective defense at trial and review the accuracy of the government's translations. Disclosure three weeks before trial is consistent with the practice of other Courts in this District. *See, e.g. U.S. v. Cargill*, 17-CR-330, ECF No. 85 (ordering exhibits "to be disclosed 30 days before trial.") (Dearie, J.).

We also move for disclosure of all A-Files of alleged co-conspirators whom the government intends to call at trial. Courts in this district have ordered disclosure of A-files. *See, e.g. U.S. v. Kasimov*, 15-CR-95, Sept. 12, 2019 (Kuntz, J.).

Finally, we seek all *Brady* or *Giglio* material in the possession of any government agency. Because it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). This disclosure must include, not just material related directly to Mr. Zhukov, but also impeachment evidence of all victims and cooperators.

212-964-0480
info@nycivilrights.nyc
The Woolworth Building
233 Broadway, Suite 2220
New York, NY 10279



Respectfully submitted,

/s/

Andrew J. Frisch
Abraham Rubert-Schewel