UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

          -against-

ALEKSANDR ZHUKOV,

          Defendant.

---------------------------------------------------------x

Case No.: 18-CR-633(S-1)(EK)

Andrew Mancilla hereby declares the following under 28 U.S.C. §1746:

1. My name is Andrew Mancilla, and I am an attorney duly admitted to practice in this Court and the States of New York and New Jersey. I am a partner in Mancilla & Fantone, LLP, a law firm in Manhattan primarily focused on federal and state criminal defense. I have handled dozens of federal criminal cases, including cases involving fraud and computer-related crimes.

2. In late September 2020, I was contacted by Aleksandr Zhukov's appointed attorneys, who asked if I was available to assist them in defending Mr. Zhukov. The immediate need was to visit Mr. Zhukov at the Metropolitan Detention Center ("MDC") and bring a laptop containing discovery produced by the government so that he could review it. My understanding is that Mr. Zhukov had been unable to review discovery on his own using the MDC's computer equipment, and it had become necessary for an attorney to bring a laptop to the MDC and sit with him while he reviewed discovery. Those attorney visits ended when the pandemic began, and the MDC suspended visiting.

3. I accepted the assignment because I have interest and experience in computer-

related cases and the time to assist. I envisioned visiting with Mr. Zhukov as regularly and for as many hours as the MDC would permit and my schedule would allow. I was told that trial is scheduled for November 23, 2020.

4.      The MDC currently requires that requests for all legal visits be submitted 72 hours ahead of time. Accordingly, on October 1, 2020, I scheduled a three-hour legal visit at the MDC with Zhukov for October 5, 2020. I specifically arranged for my schedule to be clear on October 5th so that I would be available to visit with Mr. Zhukov at any time the MDC scheduled the visit on that day.

5.      On the morning of October 5th, the MDC emailed me as follows: "Please request a different date this week. Also, please be advised that the only time slot for three hours is as follows: 2:00 pm to 5:00 pm where you will stay through the count". I immediately responded, requesting the following day, October 6th, and the visit was rescheduled for that day from 2:00 to 5:00 p.m. I then rescheduled other commitments I had for October 6th in light of the last minute rescheduling by the MDC.

6.      When I arrived at the MDC, after security screening, I entered the main visiting room. The main visiting room consists of a large area typically used for family and attorney visiting and about seven attorney visiting rooms, most about 8 by 10 feet, along one side of the main room. Plexiglass panels about 2' x 2' were mounted in the middle of tables to be used for attorney visits. The accompanying photograph accurately shows the setup of a table.

7.      It took about 45 minutes for Mr. Zhukov to be produced to the visiting area. After Mr. Zhukov arrived, I opened my laptop and allowed him to review discovery. The only way for Mr. Zhukov to review the discovery effectively, especially given material such as the Excel spreadsheets, is if Mr. Zhukov sat directly next to me, which is how I understand he had

reviewed discovery with counsel before the pandemic. During my visit, Mr. Zhukov's mask repeatedly fell below his nose. When I expressed my concern, Mr. Zhukov explained that the MDC did not provide adequate masks to the inmates.

8. I concluded after visiting with Mr. Zhukov that continuing to visit him could jeopardize my well-being. Based on the size of the room, the lack of ventilation, and the mechanics of sharing the laptop, I was concerned that I would be at risk if I spent significant time in the MDC visiting area and with Mr. Zhukov. The placement and size of the plexiglass is too small to provide effective protection for a lengthy meeting especially where the purpose of the meeting is for Mr. Zhukov to have access to a laptop screen. If the visiting rooms are adequate for short visits, they are not in my opinion adequate for lengthy visits or for reviewing the type of discovery in this case.

9. I do not feel comfortable returning to the MDC under the current conditions, and I do not believe that I, or any other lawyer, should be required to put their health and safety at risk in order to ensure their client is afforded their constitutional right to due process.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2020
New York, New York

/s/ Andrew Mancilla
Andrew Mancilla