DMP:SK/JAM/AFM
F.#2016R02228

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -　　　　　　　　　　　　　　No. 18-CR-633 (S-1) (EK)

ALEKSANDR ZHUKOV,
       also known as "Alexander
       Zhukov" and "ibetters,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS


                  SETH D. DuCHARME
                  ACTING UNITED STATES ATTORNEY
                  Eastern District of New York
                  271 Cadman Plaza East
                  Brooklyn, New York 11201

Saritha Komatireddy
Artie McConnell
Alexander F. Mindlin
Assistant U.S. Attorneys
    (Of Counsel)

## TABLE OF AUTHORITIES

### CASES

In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 177, 202 (2d Cir. 2008) . 2

Miranda v. Arizona, 384 U.S. 436, 467-71 (1966) ............................................................. 1, 3

United States v. Bary, 978 F. Supp. 2d 356, 366 (S.D.N.Y. 2013) ......................................... 2

United States v. Caming, 968 F.2d 232, 236 (2d Cir.1992) ..................................................... 1

United States v. Cotroni, 527 F.2d 708, 712 n.10 (2d Cir. 1975) ............................................ 3

United States v. Harun, 232 F. Supp. 3d 282, 286 (E.D.N.Y. 2017) .................................. 2, 4

United States v. Mathurin, 148 F.3d 68, 69–70 (2d Cir.1998) ................................................ 1

United States v. Nagelberg, 434 F.2d 585, 587 n.1 (2d Cir.1970) .......................................... 3

United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) ........................................................ 1

United States v. Welch, 455 F.2d 211, 213 (2d Cir. 1972) ...................................................... 2

United States v. Yousef, 327 F.3d 56, 145 (2d Cir. 2003) ............................................... 2, 3, 4

PRELIMINARY STATEMENT

The defendant Aleksandr Zhukov moves to suppress his statement to investigating agents of Bulgarian law enforcement that he "owned all of the devices and documents seized" from his apartment. See ECF No. 205. The motion must be denied without a hearing because the defendant's submissions raise no issue of material fact that might warrant suppression. The defendant's brief relies, mistakenly, on legal precedents regarding the domestic application of Miranda v. Arizona, 384 U.S. 436, 467-71 (1966), and its progeny. Miranda does not govern statements of a defendant taken overseas by foreign officials, and the facts alleged by the defendant in his affidavit do not come within any of the exceptions to that rule. Thus, although the government sharply contests the facts alleged and will elicit contrary testimony at trial, the affidavit's veracity is of no moment here. Even if the facts were as the defendant alleges, he would not be entitled to suppression or a hearing.

APPLICABLE LAW

A.   Motions to Suppress

"An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation marks omitted). While a defendant's allegations that he was not advised of his Miranda rights are ordinarily sufficient to require an evidentiary hearing, see United States v. Mathurin, 148 F.3d 68, 69–70 (2d Cir.1998), such a hearing is not required if the defendant's papers in support of the motion to suppress do not create a dispute over a material fact, see United States v. Caming, 968 F.2d 232, 236 (2d Cir.1992).

1

A. <u>Application of *Miranda* to Statements Taken by Foreign Police</u>

"[T]he law is settled that statements taken by foreign police in the absence of *Miranda* warnings are admissible if voluntary." <u>United States v. Yousef</u>, 327 F.3d 56, 145 (2d Cir. 2003); <u>accord</u> <u>In re Terrorist Bombings of U.S. Embassies in E. Africa</u>, 552 F.3d 177, 202 (2d Cir. 2008) ("Recognizing that the threat of suppression in U.S. courts for failure to comply with *Miranda* holds little sway over foreign authorities, we have declined to suppress un-warned statements obtained overseas by foreign officials."); <u>United States v. Welch</u>, 455 F.2d 211, 213 (2d Cir. 1972) ("[S]ince the *Miranda* requirements were primarily designed to prevent United States police officers from relying upon improper interrogation techniques and as the requirements have little, if any, deterrent effect upon foreign police officers, the *Miranda* warnings should not serve as the *sine qua non* of admissibility."); <u>see also</u> <u>United States v. Harun</u>, 232 F. Supp. 3d 282, 286 (E.D.N.Y. 2017); <u>United States v. Bary</u>, 978 F. Supp. 2d 356, 366 (S.D.N.Y. 2013).

There are two exceptions to this rule. "One exception is the 'joint venture' doctrine, under which statements elicited during overseas interrogation by foreign police in the absence of *Miranda* warnings must be suppressed whenever United States law enforcement agents actively participate in questioning conducted by foreign authorities." <u>Yousef</u>, 327 F.3d at 145. There is no bright-line test defining what it means to actively participate, "but mere presence at an interrogation or indirect involvement of United States law enforcement agents will not give rise to a joint venture." <u>Harun</u>, 232 F. Supp. 3d at 287 (internal quotation marks omitted).

"The second exception to the general admissibility of voluntary statements taken by foreign officials is that any such statements obtained under circumstances that

2

'shock the judicial conscience' will be suppressed." Yousef, 327 F.3d at 145; see also United States v. Cotroni, 527 F.2d 708, 712 n.10 (2d Cir. 1975) (suppression might be warranted where conduct of foreign police was "reprehensible"); United States v. Nagelberg, 434 F.2d 585, 587 n.1 (2d Cir.1970) (noting that "there [was] no claim of 'rubbing pepper in the eyes,' or other shocking conduct" that might warrant exclusion).

## ARGUMENT

The defendant moves to suppress his statement to Bulgarian police officers that he owned the devices seized from his apartment. The motion must be denied without a hearing, because the facts alleged by the defendant, even if they were true, would not warrant suppression.[1]

The defendant's motion relies entirely on Miranda and its progeny. But as set forth above, "the law is settled" that foreign police need not give Miranda warnings. Yousef, 327 F.3d at 145. The argument in the defendant's motion, based as it is on case law about domestic interrogation, is therefore legally irrelevant to this case. And the rule the defendant proclaims—that his custodial statements are inadmissible without Miranda warnings—is, as a matter of black-letter law, inapplicable.

While there are nuanced situations in which a statement taken by foreign police can nonetheless be suppressed, the defendant's motion does not rely upon those principles, and his affidavit is facially insufficient to trigger that relief. For example, Miranda warnings may be required where U.S. agents "actively participate in questioning

---

[1] The government intends to elicit testimony at trial contrary to the defendant's version of events in material respects, but for the purpose of this brief assumes arguendo that the facts are as set forth in the defendant's affidavit.

3

conducted by foreign authorities," Yousef, 327 F.3d at 145. The defendant does not so allege and in fact never alleges that American agents asked him a single question in his apartment. The entirety of his statement regarding his custodial interview is that he "do[es] not recollect all conversations that took place." Affidavit of Aleksandr Zhukov, ECF No. 205-1. As such, even if the defendant had made the appropriate legal arguments in his brief, his affidavit would still lack the minimum factual showing necessary to raise an issue of fact material to those arguments.[2]

        As set forth above, statements given to foreign law enforcement may also be suppressed where they were obtained under circumstances that "shock the judicial conscience." Yousef, 327 F.3d at 145. As with the joint venture doctrine, the defendant has raised no issue of fact as to behavior by foreign law enforcement that might shock the conscience or be considered "reprehensible." The affidavit states, in brief, that "armed and masked people burst in" to the defendant's apartment, removed him from bed at gunpoint, handcuffed him and then searched his apartment. Putting aside the hyperbolic language in which this is recited, the defendant's affidavit boils down to a description of an ordinary arrest: armed agents entered while he was asleep, handcuffed him and conducted a search. Nothing in this description rises, or could possibly be found to rise, to the level of torture or coercive interrogation. In short, the defendant does not allege the kind of shocking and

---

[2] The defendant's assertion that "[t]here were Americans among" the people in his apartment raises no issue of fact as to the existence of a joint venture. "Mere presence at an interrogation or indirect involvement of United States law enforcement agents will not give rise to a joint venture." Harun, 232 F. Supp. 3d at 287.

4

reprehensible conduct that might raise an issue of material fact to warrant a hearing on his suppression motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the Motion in full.

Dated:   Brooklyn, New York
         January 19, 2021

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:     /s/
Saritha Komatireddy
Artie McConnell
Alexander F. Mindlin
Assistant United States Attorneys
(718) 254-7000

5